# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KAREN S. MCINNIS** | * | **CIVIL ACTION NO.:  2:20-CV-02244** |
| | * | |
| **versus** | | **SECTION:  R** |
| | * | **(JUDGE SARAH S. VANCE)** |
| **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** | | **MAG.  5** |
| | * | **(MAGISTRATE JUDGE MICHAEL NORTH)** |

## ANSWER AND REQUEST FOR TRIAL BY JURY

**NOW INTO COURT**, through undersigned counsel, comes defendant/respondent, State Farm Mutual Automobile Insurance Company, who, for the purpose of this answer, respectfully represents:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a cause of action upon which relief can be granted as plaintiff has failed to comply with the contract of insurance.

### SECOND DEFENSE

Plaintiff's Complaint is premature as plaintiff has failed to comply with the contract of insurance.

**THIRD DEFENSE**

In response to the specific allegations contained in the Petition, the Respondent avers:

1.

The allegations set forth in Paragraph 1 are admitted.

2.

The allegations set forth in Paragraph 2 are, upon information and belief, admitted.

3.

The allegations set forth in Paragraph 3 are denied as written, however it is admitted that plaintiff is alleging amounts in controversy exceeds seventy-five thousand and no/100 dollars ($75,000), excluding interest and costs.

4.

The allegations set forth in Paragraph 4 are admitted.

5.

The allegations set forth in Paragraph 5 are denied as written.

6.

The allegations set forth in Paragraph 6 are denied as written.

7.

The allegations set forth in Paragraph 7 are denied as written.

8.

The allegations set forth in Paragraph 8 are denied as written.

9.

The allegations set forth in Paragraph 9 are denied as written.

10.

The allegations set forth in Paragraph 10 are denied. Respondent calls for strict proof.

11.

The allegations set forth in Paragraph 11 are admitted

12.

The allegations set forth in Paragraph 12 are denied as written, except to admit that a tender was made on January 4, 2019.

13.

The allegations set forth in Paragraph 13 are denied as written and it is further denied as to the degree and extent of the injuries claimed by plaintiff.

14.

The allegations set forth in Paragraph 14 are denied as written and further denied as to the degree and extent of the injuries and damages claimed by plaintiff

15.

The allegations set forth in Paragraph 15 are denied, except to admit that State Farm Mutual Automobile Insurance Company issued policy No. 034 3541-E09-18C to Carolyn Clawson, and said policy is the best evidence of its terms, conditions, applications, coverages, limits and exclusions.

16.

The allegations set forth in Paragraph 16 are denied, except to admit that State Farm Mutual Automobile Insurance Company issued policy No. 034 3541-E09-18C to Carolyn Clawson, and said policy is the best evidence of its terms, conditions, applications, coverages, limits and exclusions

17.

The allegations set forth in Paragraph 1 are denied, except to admit that State Farm Mutual Automobile Insurance Company issued policy No. 034 3541-E09-18C to Carolyn Clawson, and said policy and La. R. S. 22:1295 (1) (c)(i) are the best evidence of its terms, conditions, applications, coverages, limits and exclusions

18.

The allegations set forth in Paragraph 18 are denied, except to admit that State Farm Mutual Automobile Insurance Company issued policy No. 034 3541-E09-18C to Carolyn Clawson, and said policy is the best evidence of its terms, conditions, applications, coverages, limits and exclusions

19.

The allegations set forth in Paragraph 19 are admitted.

20.

The allegations set forth in Paragraph 20 admitted.

21.

The allegations set forth in Paragraph 21 are denied s written and it is specifically plead herein that the letter speaks for itself.

22.

The allegations set forth in Paragraph 22 are denied as written and it is specifically plead herein that the letter speaks for itself and spells out the issues that State Farm had with plaintiff's medicals, the request for additional records and a request for a medical authorization.

23.

The allegations set forth in Paragraph 23 are denied as written.

24.

The allegations set forth in Paragraph 24 are denied as written and it is further pled herein that plaintiff's representations continued to present issues as to the degree and extent of her injuries.

25.

The allegations set forth in Paragraph 25 are denied as written.

26.

The allegations set forth in Paragraph 26 are denied as written.

27.

The allegations set forth in Paragraph 27 are denied for lack of sufficient information. Respondent calls for strict proof.

28.

The allegations set forth in Paragraph 28 are denied for lack of sufficient information and it is specifically denied that plaintiff had provided satisfactory proof of loss and that plaintiff continuously refused to comply with State Farm's request for additional information and for a medical authorization to allow them to independently investigate plaintiff's claim.

29.

The allegations set forth in Paragraph 29 are denied.

30.

The allegations set forth in Paragraph 30 are denied as written and the letter speaks for itself.

31.

The allegations set forth in Paragraph 31 are admitted.

32.

The allegations set forth in Paragraph 32 are denied.

33.

The allegations set forth in Paragraph 33 are denied as written and it is specifically pled herein that plaintiff failed to sign standard and valid authorizations that could be used by State Farm to investigate the claim. These issues were communicated to plaintiff in writing on multiple occasions.

34.

The allegations set forth in Paragraph 34 are denied ss written, and further it is specifically pled herein that plaintiff was provided with a copy of her EUO as well as a copy of the policy.

35.

The allegations set forth in Paragraph 35 are denied and it is specifically plead herein that the plaintiff failed to comply with the policy terms despite repeated requests for a medical authorization to allow State Farm to independently investigate the claim.

36.

The allegations set forth in Paragraph 36 are denied, and it is specifically plead herein that plaintiff's claim was denied pursuant to correspondence dated June 23, 2020 with the reasons set out within said correspondence, specifically plaintiff's sustained failure to cooperate with State Farm's claim investigation.

37.

The allegations set forth in Paragraph 37 are denied as written.

38.

The allegations set forth in Paragraph 38 are denied and plaintiff's claim against Ms. Ross are inflammatory and without a basis in fact.

39.

The allegations set forth in Paragraph 39 are denied for lack of sufficient information.

40.

The allegations set forth in Paragraph 40 are denied. Respondent calls for strict proof.

41.

The allegations set forth in Paragraph 41 are denied and it is specifically plead herein that State Farm has requested medical authorizations on numerous occasions to allow it to fully investigate her claim and to obtain her complete medical and insurance records and she has failed to do so.  Further, plaintiff has failed to provide her complete files as she claims.

42.

The allegations set forth in Paragraph 42 are denied.

43.

The allegations set forth in Paragraph 43 are denied and it is specifically pled herein that plaintiff's failure to cooperate and respond to State Farm's request to allow it to independently investigate her claims obstructed and prejudiced State Farm's ability to investigate and evaluate her claims.

44.

The allegations set forth in Paragraph 44 are denied.

45.

The allegations set forth in Paragraph 45 are admitted as to La. R.S. 9:5629, however are denied as Plaintiff's Complaint is premature due to Plaintiff's non-compliance with the provisions of the State Farm policy.

**AND NOW, FURTHER ANSWERING**, your defendant, State Farm, respectfully represents as follows:

46.

That State Farm has continuously requested medical authorizations from the plaintiff beginning in September 13, 2018. That said authorizations were again requested January 10, February 22, March 4, May 6, May 10, June 11 and October 17, 2019. Plaintiff did not provide the requested authorization.

47.

That no communications were received from plaintiff after the October 17, 2019 letter until State Farm submitted a demand letter which was 29 pages in addition to documents attached totaling 887 pages.

48

That pursuant to communications dated May 4th and May 6th between counsel and Ms. MsInnis where in the terms of the policy were set out and she was again requested to respond to the request for a medical authorization in order to allow State Farm to investigate the claim. Authorizations were attached.

49.

That plaintiff altered said authorizations and submitted them as signed without advising that they had been changed.  That some of the alterations were unacceptable and made the authorizations non-complaint for HIPAA purposes.

50

That after having been advised of the HIPPA issues, plaintiff then revised the authorization by copying parts of the HIPPA statute into the authorization this making it overly wordy, burdensome and unworkable.

51.

That in response to plaintiff's concerns about confidentiality, counsel provided her with State Farm's document retention policy and advised that they would sign a protective order or confidentiality agreement confirming this.

52.

That in response to this, plaintiff again amended the medical authorization to include the document retention language thus interfering with the language of the authorization.

53.

That on May 21, 2020 a final acceptable form along with an explanation of the same was sent to plaintiff as well as an agreement to sign a protective order or confidentiality agreement.

54.

Plaintiff again altered the authorizations and confidentiality agreement, without State Farm's knowledge or consent, and signed them. Pursuant to correspondence sent to plaintiff dated May 26, 2020, plaintiff was advised that her changes to the authorizations and the Confidentiality agreement were unacceptable.

55.

The claim was denied by letter dated June 23, 2020 pursuant to the terms of the policy and the failure of the plaintiff to comply with the contract and cooperate with State Farm in its investigation.

56.

That throughout the claims handling plaintiff has been apprised of the issues with her medicals and the request for authorizations and the reasons therefore multiple times.

57.

That plaintiff has failed to comply with the policy thus interfering with State Farm's ability to independently investigate her claim and obtain medical records and films, as well as insurance

claim information.  That State Farm pleads the entirety of the policy herein as if copied in extenso.

It notes specifically that the requests were made pursuant to the terms of the State Farm policy,

which provides in part:

## INSURED'S DUTIES

   **3.  Insured's Duty to Cooperate With Us**

     a.  The *insured* must cooperate with *us* and, when asked, assist *us* in:

       (1)  making settlements;

       (2)  securing and giving evidence; and

       (3)  attending, and getting witnesses to attend, depositions, hearings, and trials.

     b.  The *insured* must not, except at his or her own cost, voluntarily:

       (1)  make any payment to others; or

       (2)  assume any obligation to others unless authorized by the terms of this policy.

     c.  Any *person* or organization making claim under this policy must, when *we* require, give *us* proof of loss on forms *we* furnish.

## 1.  Questioning Under Oath

Under:

     a.  Liability Coverage, each *insured*;

     b.  Medical Payments Coverage or Uninsured Motor Vehicle Coverage, each *insured*, or any other *person* or organization making claim or seeking payment; and

     c.  Physical Damage Coverage, each *insured* or owner of a *covered vehicle*, or any other *person* or organization making claim or seeking payment;

must, at *our* option, submit to an examination under oath, provide a statement under oath, or do both, as reasonably often as *we* require. Such *person* or organization must answer questions under oath, asked by anyone *we* name, and sign copies of the answers. *We* may require each *person* or organization answering questions under oath to answer the questions with only that *person's* or organization's legal representative, *our* representatives, any *person* or *persons* designated by *us* to record the questions and answers, and no other *person* present.

The policy further provides:

A person making a claim under:

a. Medical Payments Coverage, Uninsured Motor Vehicle Coverage, "Economic-0nly" Coverage. Death, Dismemberment and Loss of Sight Coverage, or Loss of Earnings Coverage must:

   (1) Notify **us** of the claim and give **us** all the details about the death, injury, treatment and other information that **we** may need as soon as reasonably possible after the injured **insured** is first examined and treated for the injury.  If the **insured** is unable to give us notice, then any other person may give us the required notice;

   (2) Be examined as reasonably often as we may require by physicians chosen and paid by us.  A copy of the report will be sent to the person upon written request;

   (3) Provide written authorization for us to obtain:

      (a) Medical bills;

      (b) Medical records;

      (c) Wage, salary and employment information; and

      (d) And any other information we deem necessary to substantiate the claim.

If an injured **insured** is a minor, unable to act of dead, then his or her legal representative must provide **us** with the written authorization.

If the holder of the information refuses to provide it to **us** despite the authorization, then at **our** request the **person** making claim or his legal representative must promptly obtain the information and promptly provide it to **us**;

58.

That plaintiff's failure to cooperate has interfered with State Farm's ability to investigate the claim and that this was explained to her on multiple occasions orally and in writing.

59.

Plaintiff's suit against State Farm is premature as plaintiff has failed to comply with the provisions of the State Farm policy, which provides in part:

**13. Legal Action Against Us**

Legal action may not be brought against ***us*** until there has been compliance with the provisions of this policy.

60.

Defendant avers that the damages and injuries allegedly sustained by the plaintiff are the result of pre-existing conditions and/or intervening or superseding incidents for which this defendant is not responsible.

61.

Defendant avers that plaintiff has failed to mitigate her damages which operates as a bar and reduction of recovery herein.

62.

The plaintiff has failed to make any reasonable effort or take any practical steps to mitigate his damages; therefore, if he should be found to be entitled to recover damages, such recovery should be barred or reduced to the extent to which he failed to do so.

63.

Plaintiff did not sustain any severe or disabling injuries in the accident in question and prolonged pain, suffering, inconvenience and/or disability experienced by plaintiff following the incident was caused by conditions, illnesses and infirmities and/or disabilities which preexisted the accident and which were not aggravated thereby and/or which were caused by prior events which are not related to the incident in question.

64.

Out of an abundance of caution, defendant pleads plaintiff's failure to mitigate her damages and plead the affirmative defenses of comparative fault, assumption of the risk and defendant

reserves the right to plead additional affirmative defenses as further information is learned through discovery in this matter.

65.

Defendant has not seen all medical records of plaintiff and, therefore, without waiving any rights herein, defendant avers that plaintiff's medical treatment, records and bills may contain billing irregularities, unnecessary treatments, unreasonable treatment, and improvident medical care. Defendant reserves the right to supplement and amend these affirmative defenses at any time.

66.

State Farm Mutual Automobile Insurance Company, as the alleged uninsured and/or underinsured motorist carrier of plaintiff, is entitled to a credit and/or offset for the full limits of any and all liability policies insuring the tortfeasor in the above matter, and, in addition, State Farm is entitled to a credit for any and all monies received by plaintiff from anyone on behalf of the tortfeasor for personal injuries or for damages arising out of the claims herein.

67.

Plaintiff may be tendered unconditional payments by the UM insurer, State Farm, in the future under the UM provisions of its policy issued to or on behalf of the plaintiff, and in the event that State Farm is ultimately found to be liable, State Farm is entitled to a credit for the full amount of said payments, and any tenders which are made in the future under the UM coverage.

68.

Defendant affirmatively pleads and specifically asserts the provisions of the Medicare Secondary Payor Act 42 USC 1395 *et seq.*, and the Medicare, Medicaid and SCHIP Extension Act of 2007 31 USCS 3711 *et seq.* and alleges that the failure of any plaintiff to provide official documentation and confirmation from the Center for Medicare and Medicaid Services (CMMS) of the existence or nonexistence of any lien and/or required Medicare set aside, operates as an affirmative defense to the requirements pursuant to Louisiana Revised Statute.

69.

Defendant, State Farm, requests a trial by jury, as all parties and issues herein are triable by a jury.

WHEREFORE, your respondent, State Farm Mutual Automobile Insurance Company, prays that this answer be deemed good and sufficient, that the above and all related matters be tried by jury, and that after all legal delays and due proceedings are had that there be judgment in its favor and against plaintiff, Karen S. McInnis, dismissing plaintiff's complaint, at her sole cost, and for all general and equitable relief.

Respectfully submitted,


/s/ Samuel P. Baumgartner

SAMUEL P. BAUMGARTNER (35436)
Charles Chassaignac (20746)
Adrianne L. Baumgartner (02861)
Porteous, Hainkel & Johnson, L.L.P.
408 Columbia Street
Covington, LA  70433
Telephone:  (985) 246-7460
Facsimile: (985) 246-7461
sbaumgartner@phjlaw.com
*Counsel for Defendant, State Farm Mutual*
*Automobile Insurance Company*



CERTIFICATE OF SERVICE


I DO HEREBY CERTIFY that on September 16, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel/ parties of record.

/s/ Samuel P. Baumgartner

4849-5351-8539, v. 1